IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL G. RYAN, | : | 4:11-cv-0748 |
| Petitioner, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Thomas M. Blewitt |
| WILLIAM A. SCISM, | : | |
| Respondent. | : | |

**MEMORANDUM**

**June 13, 2011**

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS**:

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Thomas M. Blewitt (Doc. 8), filed on May 4, 2011, which recommends that Petitioner Michael G. Ryan's ("Petitioner or "Ryan") petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 be summarily dismissed. Petitioner Michael G. Ryan filed objections to the R&R on May 26, 2011. (Doc. 9). Thus, this matter is ripe for our review and disposition. For the reasons set forth below, the Court will adopt the Magistrate Judge's recommendation and dismiss the petition.

**I.     STANDARD OF REVIEW**

When, as here, objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or the

proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). Under this standard, a court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

## II.  DISCUSSION

Petitioner entered a plea agreement with the United States in the Middle District of Pennsylvania, Criminal No. 94-0127, on March 20, 1995. The agreed upon sentence did not include a provision for assessment of costs of prosecution, imprisonment, probation or supervised release. In March of 2010, Petitioner was reviewed for Residential Reentry Center ("RRC") placement. To be placed in the RRC, he was required to sign a contract which required contribution to the cost of the residence. Petitioner refused to sign on the grounds that it conflicted with his plea agreement, which exempted him from paying for the costs of his imprisonment. Petitioner alleges that he was then sanctioned for refusing to sign the contract, including the loss of his prison job for one year. Roughly one month

later, the Bureau of Prisons ("BOP") issued a memo instructing prison Chief Executive Officers not to sanction inmates who refused RRCs.

Petitioner filed this action on April 1, 2011, alleging that the government breached his plea agreement when his Unit Team tried to coerce him into signing the contract which would have required him to pay a subsistence charge for a portion of the cost of RRC placement. Petitioner claims that this invalidated his plea agreement with the government and rendered his incarceration illegal. In the meantime, the BOP has altered Ryan's designation, and he is no longer designated for RRC placement.

It is quite salient that when we dismissed previous habeas action filed by Ryan, predicated on the exact same set of facts, we concluded that Ryan's "challenge to the requirement that he pay for his RRC placement is in fact one that contests the execution of his federal sentence, and is not, as he argues, a challenge to the terms of his 1995 plea agreement." (Doc. 8, p. 17).[1] As correctly noted by Magistrate Judge Blewitt, even if Petitioner's habeas petition was not rendered moot by virtue of the BOP's predesignation of him, it would be without merit because it was within the statutory authority of the BOP to condition transfer to the RRC on signing the contract. Petitioner concedes that the BOP has this authority,

---

[1] That case can be found at Civil Docket 10-1425, M.D. Pa.

but argues that it is irrelevant to his allegation that the government tried to coerce him to sign the agreement and sanctioned him for refusing. We disagree. Petitioner's allegation of breach of plea agreement is based on his claim that the government acted in bad faith when asking him to sign the agreement. However, there are no facts tending to show the government acted in bad faith at the time the agreement was signed. Moreover, it was within the discretion of the BOP to offer Petitioner the option of transferring to the RRC in exchange for a partial waiver of the benefits of his plea agreement. *See Murray v. Grondolosky*, 369 Fed. Appx. 318, 320 (3d Cir. 2010)(affirming district court's dismissal of inmate's challenge to the BOP's RRC payment agreement, based on inmate's argument that he had a right to RRC placement without contributing to costs).

    Accordingly, for the foregoing reasons, we shall adopt the Magistrate Judge's recommendation, overrule Petitioner's objections, and dismiss the petition. An appropriate Order shall issue.